FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 21, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>IYAIR ROGELIO SANCHEZ-ANGULO,<br><br>  Defendant. | No. 1:19-CR-02060-SAB-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>ECF No. 49 |

Before the Court is Defendant's Motion to Modify Conditions of Release (ECF No. 49). On Monday December 21, 2020, the Court held a hearing on the Motion. Pursuant to General Order 20-101-3 and the CARES Act, Pub. L. No. 116-136 (H.R. 748) (eff. March 27, 2020), the Court found that video conferencing was not reasonably available for Defendant. With his consent, Defendant appeared by phone from out of custody and was represented by Assistant Federal Defender Paul Shelton. Assistant United States Attorney Richard Burson represented the United States.

ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE - 1

Specifically, Defendant requests that the Court modify Special Condition No. 8, which requires Defendant participate in GPS monitoring.  The United States Probation/Pretrial Services Office did not oppose the Motion.  However, the United States opposes the request.

The Court considered the arguments of the parties and the testimony of United State Probation Officer Arturo Santana in determining whether to grant Defendant's motion.  In support of the requested modification, Defendant notes that he has been on pretrial release without issue since he was released from custody on January 22, 2020, that he posted a $50,000 percentage bond, and that the Court previously modified his conditions of pretrial release in that it removed the curfew that had been in place.  ECF No. 49 at 2–3.  Defendant also noted that the United States did not seek detention when he pled guilty.  *See* ECF No. 48.

Despite Defendant's continued compliance with the conditions of his pretrial release, the Court cannot find that the removal of the GPS monitoring device is appropriate.  As mentioned above, Defendant has pled guilty and is currently awaiting sentencing on the underlying criminal offense.  ECF No. 48.  As such, 18 U.S.C. § 3143(a) sets the standard for determining whether to release or detain a defendant and states that the Defendant shall "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."

ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE - 2

Relying on that higher standard, the Court cannot find that it is appropriate to grant Defendant's motion. Defendant has a very serious and lengthy criminal history. Despite the fact that this history is somewhat old, the Court has concerns regarding Defendant's past associations. This is especially so when Defendant is no longer employed at this time. The Court finds that the GPS monitoring helps to ensure the safety of the community while Defendant is awaiting sentencing.

**ACCORDINGLY, IT IS ORDERED:**

1. Defendant's Motion to Modify Conditions of Release (**ECF No. 49**) is **DENIED**.

2. Defendant shall remain subject all previously imposed conditions of release.

DATED December 21, 2020

<u>*s/Mary K. Dimke*</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE - 3